**McGuireWoods LLP**
Sabrina A. Beldner, Esq. (SBN 221918)
Email: sbeldner@mcguirewoods.com
Julianne G. Park (SBN 312791)
Email: jpark@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone:    (310) 315-8200
Facsimile:    (310) 315-8210

Attorneys for Defendants
CONSTELLIS, LLC and
CENTERRA INTEGRATED FLEET SERVICES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ACOSTA,<br><br>PLAINTIFF,<br><br>vs.<br><br>CONSTELLIS, LLC; CENTERRA INTEGRATED FLEET SERVICES, LLC; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO.<br><br>Los Angeles County Superior Court [Case No. 25STCV15316]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF SAMUEL ACOSTA AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants CONSTELLIS, LLC ("Constellis") and CENTERRA INTEGRATED FLEET SERVICES, LLC ("Centerra Fleet") (collectively, "Defendants") by and through their undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles (the "State Court"), in which the action is currently pending, to the United States District Court for the Central District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal.[1]

In support of this Notice of Removal, Defendants aver as follows:

## PLEADING AND PROCEDURES

1. On May 27, 2025, Plaintiff Samuel Acosta ("Plaintiff") filed an unverified Complaint (the "Complaint") in State Court commencing this civil action against Defendants in a case styled *Samuel Acosta, Plaintiff v. Constellis, LLC; Centerra Integrated Fleet Services, LLC, and does 1 through 50, inclusive, Defendants*, Case No. 25STCV15316 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On June 3, 2025, Defendants were personally served with the Complaint and Summons in the State Court Action. A true and correct copy of the Summons served on Defendants is attached hereto as **Exhibit B**.

3. The following additional documents from the State Court Action were

---

[1] Constellis is not and never has been Plaintiff's employer, and it maintains that it has been misjoined and/or erroneously named as a defendant in this action. *See* Declaration of Mary Barr ("Barr Decl."), ¶ 8. Constellis's joinder in this Removal is not intended to nor shall it be construed as a waiver of any rights, claims, remedies or defenses to this action, or a concession that Constellis was, or ever acted as, Plaintiff's employer. Defendant Constellis expressly reserves all rights and objections regarding its inclusion in this action as a defendant.

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

served, personally or otherwise, upon Defendant, true and correct copies of which are attached hereto as the Exhibits identified below:

**Exhibit C:** Civil Case Cover Sheet/ Addendum and Statement of Location

**Exhibit D:** Notice of Case Assignment – Unlimited Civil Case

**Exhibit E:** Alternative Dispute Resolution (ADR) Information Package

**Exhibit F:** Notice of Case Management Conference

4. On June 30, 2025, Defendants filed an Answer to Plaintiff's Complaint in the State Court Action, a true and correct copy of which is attached hereto as **Exhibit G**.

5. The following documents are also in the Court's file in the State Court Action.

**Exhibit H**: Proof of Service of Summons- Constellis

**Exhibit I**: Proof of Service of Summons- Centerra Fleet

6. Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

7. Defendants are informed and believe that they are the only defendants that has been properly served with process in the State Court Action. Defendants DOES 1 through 50 have yet to be identified and are therefore disregarded for purposes of this removal. 28 U.S.C. § 1441(a).

**TIMELINESS OF REMOVAL**

8. This action has not previously been removed to federal court.

9. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendants have filed this Notice of Removal within 30 days of June 3, 2025, the date on which

206850137.3

Plaintiff served Defendants with the Complaint. Accordingly, this action is being removed within 30 days of the first date upon which Defendants were served, through service or otherwise, with any paper giving them knowledge that the action was indeed removable.

## REMOVAL JURISDICTION – DIVERSITY

10. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal. As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Central District of California, which is the District Court embracing the place where the State Court Action was filed.

11. Defendants are the only named defendants in this action and have been properly served with process in the State Court Action. Accordingly, Defendants are the only defendants needed to join and consent to this removal.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is an action that may be removed to this Court by Defendants, because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand; and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

13. In accordance with 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## CITIZENSHIP OF PARTIES

14. **Plaintiff's Citizenship.** Plaintiff is a citizen of the State of California. In his Complaint, he states that at all times mentioned in his Complaint, including his employment with Defendants, he was a "resident of the State of California." *See* Ex. A, ¶ 3. Additionally, during the employment period at issue in the Complaint, Plaintiff self-reported his residential address as being in North Hill, California, and this was the same address listed on his wage statement and the address to which his

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

2022 to 2024 W-2 tax forms were sent. *See* Barr Decl., ¶ 10.  Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of traditional diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g.*, *Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship for purposes of removal "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

15. **Defendant Constellis, LLC's Citizenship.**  As a limited liability company, Constellis is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Constellis is a Delaware limited liability company whose ultimate corporate parent and owner is New Constellis Holdings, Inc.  *See* Barr Decl., ¶ 3.  New Constellis Holdings, Inc. is a citizen of the state where its principal place of business is located, and the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). New Constellis Holdings, Inc. has its principal place of business in Virginia and is incorporated in Delaware. *See* Barr Decl., ¶ 3.  In addition, Virginia is also where majority of the executive and administrative functions are performed. *Id*. Therefore, New Constellis Holdings, Inc. is a citizen of Delaware and Virginia, which makes Constellis also a citizen of Delaware and Virginia.

16. **Defendant Centerra Integrated Fleet Services, LLC's Citizenship.** Centerra Fleet is a limited liability company, it is a citizen of every state of which its owners/members are citizens.  *Johnson,* 437 F.3d at 899. Centerra Fleet's ultimate corporate parent and owner is also New Constellis Holdings, Inc.  *See* Barr Decl., ¶ 5. As noted in Paragraph 14 above, New Constellis Holdings, Inc. is a citizen of Delaware and Virginia, which makes Centerra Fleet also a citizen of Delaware and

206850137.3

Virginia for the purpose of determining diversity jurisdiction.[2]

## AMOUNT IN CONTROVERSY

17. An action may be removed to and remain in federal court if the defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).[3] To satisfy the preponderance of the evidence test, a defendant must demonstrate that "it is more likely than not" that the amount-in-controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, evidentiary submissions are not required at the time of removal. *See Arias*, 936 F.3d at 925 (holding that defendant need not prove the amount in controversy in notice of removal). "Instead, evidence showing the amount in controversy is required '*only when* the plaintiff contests, or the court questions, the defendant's allegation.'" *Id.* (emph. added).

18. Indeed, when a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 135 S.Ct. 547, 553 (2014); *Arias*, 936 F.3d at 927 ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"). At the time of removal, the removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting

---

[2] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*, Defendants expressly reserve and do not waive their right to supplement and/or amend their removal submissions to present additional information regarding Defendants' citizenship to demonstrate the existence of the requisite diversity between the parties.

[3] *See, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("A district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

and does not require the defendant to do extensive research or prove the plaintiff's damages. *See, e.g.*, *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, *16 (C.D. Cal. May 9, 2011). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554.

19. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1202 (9th Cir. Jan. 8, 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). In determining whether the amount-in-controversy exceeds $75,000, the court must presume that the plaintiff will prevail on each and every claim asserted in his or her complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry asks what amount is put "in controversy" by the operative complaint—not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal").[4] The court may also look beyond the complaint to determine whether the amount-in-controversy is met, if necessary. *See Abrego Abrego*, 443 F.3d at 690.

20. The amount in controversy may include general and special compensatory damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416

---

[4] *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *see also Wilder v. Bank of Am.,* 2014 WL 6896116, *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires that court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

206850137.3

(9th Cir. 2018); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002). Further, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court *must* include *future* attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses *all* relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)). The amount-in-controversy may also include punitive damages and emotional distress. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske,* 432 F.3d at 980.

### ***Plaintiff Seeks Damages in Excess of the Jurisdictional Threshold***

21.    In this action, Plaintiff's Complaint asserts three separate claims for: (1) retaliation in violation of California Labor Code § 1102.5; (2) wrongful termination in violation of public policy; and (3) retaliation in violation of California Labor Code § 6310. *See* Ex. A (Complaint).

22.    Although Plaintiff does not allege a specific dollar amount, he seeks to recover in connection with his alleged claims, asserting that he has "suffered and continues to suffer" "actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger and embarrassment" and "physical damages, including [. . . ] mental and physical pain." *See* Ex. A, ¶¶ 39, 40, 47, 53. The Complaint expressly seeks, *among other things*, damages for:

206850137.3

(a) "special damages"; *see* Ex. A, at Relief Requested, ¶ 1;

(b) "general and compensatory damages for mental pain and suffering"; *Id.*, ¶ 2;

(c) "punitive and exemplary damages"; *Id.*, ¶ 3;

(d) "compensatory damages in the form of consequential, and incidental damages," including "back pay, loss of earnings and employee benefits and damages for emotional distress;" *Id.*, ¶ 4;

(e) A "civil penalty not exceeding ten thousand dollars for each violation of Labor Code § 1102.5" *Id.*, ¶ 5;

(f) "prejudgment and postjudgment interest"; *Id.*, Prayer for Relief, ¶ 6;

(g) "costs of suit"; *Id.*, ¶ 7.

(h) "attorneys' fees and costs" *Id.*, ¶ 8.

23. As discussed above, Defendants may remove this action to federal court notwithstanding Plaintiff's failure to plead a specific dollar amount in controversy. To that end, Defendants' Notice of Removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S.Ct. at 555; *see Arias*, 936 F.3d at 925 ("[A] a notice of removal 'need not contain evidentiary submissions.' Instead, evidence showing the amount in controversy is required 'only when the plaintiff contests, or the court questions, the defendant's allegation.'"). Moreover, Defendant's allegations regarding federal court jurisdiction, including the amount in controversy, ***must be accepted as true*** unless and until otherwise contested. *Accord Dart Cherokee*, 135 S.Ct. at 553.

24. As set forth above, and necessarily assuming that Plaintiff will prevail on each claim asserted in the Complaint, the compensatory damages, emotional distress damages, punitive damages, and statutory attorney's fees sought by Plaintiff

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

establish that the amount-in-controversy exceeds $75,000.[5]

### *Compensatory Damages*

25.     In his Complaint, Plaintiff alleges that Defendants hired him as a Project Manager on or about August 22, 2022. *See* Ex. A, ¶ 15.  Plaintiff further alleges that Defendants wrongfully terminated his employment on January 3, 2025.  *Id.*

26.     The Complaint avers that, as a result of Defendants' alleged conduct, Plaintiff "has suffered *and continues to suffer* actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits." *See* Ex. A, ¶¶ 40. 47.  It also seeks, *inter alia*, back pay and loss of earnings.  *Id.* at Relief Requested, ¶ 4.

27.     Notably, the amount in controversy is not limited to damages incurred prior to removal.  Instead, as the Ninth Circuit has held, the amount in controversy calculation properly includes lost wages incurred *__after the time of removal__* where, as here, they are expressly prayed for as relief in the operative pleading.  *See Chavez*, 888 F.3d at 417-18 (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant).  Indeed, in determining the amount in controversy, it is appropriate to consider the amount of lost wages through the time of trial.  *See, e.g.*, *Walker v. Aetna Health & Life Ins. Co.*, 2021 WL 2661449, *8 (E.D. Cal. June 29, 2021) ("Defendants are correct that the amount in controversy calculation properly includes lost wages through trial, since a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction'"); *Fisher v.*

---

[5] The amount in controversy calculations, as set forth below, are based on an assumption *for purposes of removal only* that the allegations of Plaintiff's Complaint regarding his theories of liability are true but without any type of express or implied admission that the conduct alleged in the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists.  *See, e.g.*, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

*HNTB Corp.*, 2018 WL 6323077, *4 (C.D. Cal. Dec. 3, 2018) (one year of post-removal lost earnings accepted as "date of trial" estimate and held to be properly included in the amount of controversy); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, *3-4 (E.D. Cal. Sept. 11, 2013) (post-removal lost earnings through trial properly included in the amount in controversy).

28. At the time of Plaintiff's termination, Plaintiff was a full-time exempt employee who was earning an annual salary of $135,200 per year, or $5,200 in each bi-weekly pay cycle. *See* Barr Decl., ¶ 9.

29. For purposes of removal, Defendants ***conservatively*** calculates six (6) months for Plaintiff's past lost wages claim from January 3, 2025 through the date of Defendants' filing of its Notice of Removal (i.e., July 2, 2025) ***only***, at Plaintiff's base salary in effect at the time of his termination. Based on this estimate, Plaintiff's ***past*** lost wages amount in controversy for the six (6) month period of January 3, 2025 to July 2, 2025 (which is technically six months), is ***conservatively*** estimated to be not less than **$67.600.00** (13 pay periods (26 weeks) x $5,200/bi-weekly basis).

30. Defendants further estimate Plaintiff will have ***future*** lost wages for only a period of six (6) additional months, from the date of Defendant's filing of its Notice of Removal (July 2, 2025) through January 2, 2026. Based on this estimate, and without calculating any additional lost wages through trial that Plaintiff is expressly seeking, the amount in controversy on Plaintiff's future lost wages claim from July 2, 2025 through January 2, 2026, is **$67,600.00** (13 pay periods (26 weeks) x $5,200/bi-weekly basis).[6]

---

[6] These figures are ***extremely*** conservative and in fact ***severely*** underestimated because lost wages are calculable ***through the time of trial***, and here, Defendants are only relying on Plaintiff's purported lost wages through May 29, 2026, or approximately 60 weeks post-filing of the Complaint. This estimate to litigate this action to trial is incredibly reasonable given the current caseload within this district. To this point, the 2024 U.S. Courts Caseload Statistics observed that the median time interval from ***filing to trial*** of civil cases in the Central District of California was

206850137.3

31. Consequently, without including the value of employment benefits, or any future lost wages beyond January 2, 2026, the amount in controversy on Plaintiff's prayer for **past and future lost wages** from December 5, 2024, to June 12, 2026, is reasonably calculated to be **$135,200.00** ($67,600 + $67,600).

### *Emotional Distress Damages*

32. Plaintiff also seeks to recover damages for his purported "emotional distress, humiliation, mental anguish[,] embarrassment" and "mental pain and suffering" *See* Ex. A, ¶¶ 40, 47, 53, *Id.*, Relief Requested, ¶¶ 2, 4.

33. Emotional distress damages are appropriately considered by the Court in determining whether the amount in controversy is satisfied for purposes of removal. *Kroske*, 432 F.3d at 980; *see also, e.g.*, *Simmons*, 209 F.Supp.2d at 1034. In *Kroske*, 432 F.3d at 980, a discrimination case, the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy where the plaintiff's wage loss was only $55,000. Accordingly, based on Plaintiff's Complaint and the estimate accepted by the Ninth Circuit in *Kroske* (a 2005 case that has not accounted for economic inflation in the 19

---

approximately **28.1 months** (well over 100 weeks). *See* https://www.uscourts.gov/data-news/data-tables/2024/03/31/federal-judicial-caseload-statistics/c-5. Additionally, courts have accepted similar, if not even greater lost wages estimates to support removal. *See, e.g.*, *Zamudio v. Aerotek, Inc.*, 2022 WL 458059, *3 (E.D. Cal. Feb. 15, 2022) (denying remand and accepting calculation of **160 weeks** of post-removal lost wages through trial as appropriately included in amount-in-controversy calculation); *Thayer v. Securitas Sec. Servs. USA, Inc.*, 2021 WL 1263837, *2 (C.D. Cal. Apr. 6, 2021) (denying remand and holding removing defendant properly estimated lost wages from the date of plaintiff's termination until the date set for trial); *Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, *3 (C.D. Cal. Feb. 14, 2020) (remand denied; one year of post-removal lost earnings accepted as "conservative estimate" in employment cases and to be properly included in the amount of controversy); *Fisher*, 2018 WL 6323077, at *4 (one year of post-removal lost earnings accepted for the amount of controversy); *Tiffany*, 2013 WL 4894307, at *3-4 (denying remand and accepting calculation of **108 weeks** of post-removal lost wages through date of trial as appropriately included in amount-in-controversy calculation).

years since the *Kroske* decision issued), Defendants conservatively estimate that the minimum value of Plaintiff's emotional distress damages for his purported "emotional distress," if he were to prevail (as must be presumed for purposes of removal), would be ***at least* $25,000.00** for purposes of calculating the reasonable amount in controversy in this action.[7]

### Punitive Damages

34.     Plaintiff also seeks punitive damages in connection with his claims. *See* Ex. A, Relief Requested, ¶ 3.

35.     The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law. *See Gibson*, 261 F.3d at 945. District courts routinely find that "the potential for large punitive damage awards" in employment cases satisfies the $75,000 amount in controversy without even considering other damages. *See Simmons*, 209 F.Supp.2d at 1033; *see also, e.g.*, *Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, *4 (E.D. Cal. Apr. 15, 2011) (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, 2009 WL 3368519, *4 (E.D. Cal. Oct.

---

[7] *See Zamudio*, 2022 WL 458059, at *5 (denying remand and finding that an award for emotional distress of "at least $25,000 is appropriate for consideration in calculating the amount in controversy); *Narayan v. Compass Grp. USA, Inc.*, 284 F.Supp.3d 1076, 1092 (E.D. Cal. 2018) (denying remand and finding that $25,000 constituted a "minimal award of emotional distress damages" where plaintiff sought unspecified damages for emotional distress); *Johnson v. Wal-Mart Assocs., Inc.*, 2023 WL 2713988, *7 (C.D. Cal. Mar. 30, 2023) (finding that at least $25,000 was at issue for emotional distress damages where plaintiff expressly sought damages for "pain and suffering"); *Liemandt v. Mega RV Corp.*, 2011 WL 2912831 (Cal. Super. Ct. Feb. 4, 2011) ($385,000 emotional distress award to plaintiff for wrongful termination); *Grodzik v. Calif. Conservation Corps.*, 2010 WL 2734467 (Cal. Super. Ct. June 15, 2010) ($100,000.00 emotional distress award to plaintiff on retaliation claims); *Lemke v. BCI Coca-Cola of Los Angeles*, 2004 WL 5825304 (Cal. Super. Ct. Dec. 1, 2004) ($135,000.00 emotional distress damages awarded in wrongful termination/retaliation action).

206850137.3

19, 2009) (acknowledging million-dollar punitive damages awards and denying remand in employment action, noting that "even a minimum award of punitive damages would satisfy the jurisdictional requirement").  Furthermore, punitive damages verdicts on claims similar to Plaintiff's claims here typically far exceed the $75,000 jurisdictional minimum **on their own**.  *See, e.g.*, *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375, *10-18 (Cal. Ct. App. Apr. 23, 2009) (affirming *$2 million* punitive damages award on plaintiff's FEHA discrimination/wrongful termination claims).

36.    In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the U.S. Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." While Defendants could easily utilize the 2:1 ratio that *State Farm* found to be "instructive," other courts in this district have held that a 1:1 ratio between punitive damages and compensatory damages "provides a reasonable, if not 'conservative,' estimate for assessing punitive damages for purposes of calculating the amount in controversy.  *See, e.g., Johnson*, 2023 WL 2713988 at *7. Utilizing the smallest ratio of 1:1 (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the conservative compensatory damages asserted to be at issue in this action *as alleged herein*, the *minimum* punitive damages award in this action is approximately **$160,200.00** ($135,200 + $25,000).

### *Statutory Attorneys' Fees*

37.    Plaintiff's Complaint also seeks statutory attorneys' fees in connection with his claims.  *See* Ex. A, Prayer for Relief, ¶ 5.

38.    In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal.  *Fritsch*, 899 F.3d at 794; *see Galt*, 142 F.3d at 1155-56 ("[W]here an

206850137.3

underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Indeed, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added).

39. The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in discrimination and wrongful termination cases, like this action, should indicate that it is "more likely than not" that Plaintiff will seek an attorneys' fees award of ***at least*** **$75,000.00** if this case is litigated to judgment in a jury trial. *See, e.g., Lopez,* 2009 WL 1090375, at \*18-21 (affirming trial court's award of $1 million in attorneys' fees in wrongful termination action); *Crawford v. DirecTV, Inc.*, 2010 WL 5383296 (Cal. Super. Ct. Sept. 29, 2010) (awarding approximately $160,000 in attorneys' fees in wrongful termination action where the plaintiff's recovered damages were only $175,000). Likewise, based on their own past litigation experience, Defendants reasonably estimate at this juncture that its own attorneys' fees to defend this action through a jury trial and post-trial motions will be well ***over*** **$75,000.00**.

40. Notwithstanding the above, Defendants ***conservatively*** estimate that Plaintiff's statutory attorneys' fees to litigate this action through a jury trial would be ***at least*** **$30,000.00** ($300 rate per hour[8] x 100 estimated hours = $30,000.00) for purposes of calculating the reasonable amount in controversy. *See Sasso v. Noble*

---

[8] Defendants' assumption of this $300/hour rate is conservative if not grossly ***underestimated***. Indeed, on January 6, 2025, in another case filed by this same plaintiffs' counsel (in which Defendants' counsel here also represented that employer-defendant)*,* Mr. Kingsley filed a declaration attesting that in 2024, his rate was $1,100 per hour, Ms. Ly's rate was $800 per hour, and Ms. Adlouni's rate was $500 per hour. *See Juanita Villa et al. v. Dolgen California, LLC,* Case No. 22STCV34189, Declaration of Eric B. Kingsley In Support Of Motion For Final Approval of Class and Representative Action Settlement at ¶¶ 80-87, 89, and 98.

206850137.3

*Utah Long Beach, LLC*, 2015 WL 898468, *6 (C.D. Cal. Mar. 3, 2015) (using a "reasonable rate for employment cases" of $300 per hour and an estimate of 100 hours to find that attorneys' fees could "reasonably be expected to equal at least $30,000"); *Crockett v. Wal-Mart Assocs., Inc.*, 2024 WL 516713,*4 (E.D. Cal. Feb. 9, 2024) (using a "reasonable rate" of $300 per hour and "an appropriate estimate" of 100 hours to find that a reasonable estimate of attorneys' fees is $30,000); *Owuor v. Wal-Mart Assocs., Inc.*, 2022 WL 1658738, *3 (E.D. Cal. May 25, 2022) (finding that $30,000 ($300 per hour x 100 hours) is a reasonable estimate of attorneys' fees in a single-plaintiff discrimination case).

### Summary Of Amount In Controversy

39.    Based on the foregoing, and excluding for purposes of this removal any lost employment benefits to which Plaintiff claims to be entitled, any future lost wages beyond **January 3, 2026** through the actual time of trial, and any civil penalties Plaintiff prays for in the Complaint, the amount in controversy on Plaintiff's Complaint still far exceeds the $75,000 jurisdictional threshold, as follows:

| **Damages/Amounts Claimed** | **Amount in Controversy** |
| --- | --- |
| Past/Future Lost Wages through January 3, 2026 | $135,200.00 |
| Emotional Distress Damages | $25,000.00 |
| Punitive Damages (1:1 ratio of compensatory damages) | $160,200.00 |
| Statutory Attorneys' Fees | $30,000.00 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$350,400.00** |

### VENUE

40.    This is a civil action originally filed in State Court in Los Angeles County, California. Defendants are informed and believes the events allegedly giving rise to this action occurred within this judicial district. Venue lies in this Court

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

because the action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

41. Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by Defendants of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

WHEREFORE, Defendants hereby remove the above-captioned action now pending in the State Court to this United States District Court.

DATED: July 2, 2025                     MCGUIREWOODS LLP


By: /s/ Sabrina Beldner
        Sabrina A. Beldner
        Julianne G. Park

Attorneys for Defendants
CONSTELLIS, LLC and CENTERRA
INTEGRATED FLEET SERVICES, LLC

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On July 2, 2025, I served the following document(s) described as **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Liane Katzenstein Ly, Esq. | Kingsley Szamet |
| LIANE LY LAW | EMPLOYMENT LAWYERS |
| 601 S Figueroa St.; Ste 1950 | Eric B. Kingsley, Esq |
| Los Angeles, CA 90017-3983 | Jessica L. Adlouni, Esq |
| | 16133 Ventura Blvd., Suite 1200 |
| Attorneys for Samuel Acosta | Encino, CA 91436 |
| | |
| | Attorneys for Samuel Acosta |

☒     **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

☐     **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above addressees. (C.C.P. § 1010.6)

☐     **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☐     **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 2, 2025, at Los Angeles, CA.

_____
Matthew Whitney

206850137.3

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT